IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>EDWARD STUART LIVINGSTON, III, )<br>RONALD JOSEPH TIPA, )<br>THOMAS EDWARD TAYLOR, AND )<br>ROSS BERNARD DEBLOIS, SR., )<br>)<br>*Defendants.* ) | Criminal Case No. 1:15-cr-201<br><br>Hon. Liam O'Grady |

## Memorandum Opinion on Motion for a Bill of Particulars (Dkt. No. 61)

This matter is before the Court on the Defendants' Motion for a Bill of Particulars. (Dkt. No. 61). The Government opposes the motion (Dkt. No. 83), and Defendants have filed a reply (Dkt. No. 89). The Court will dispense with an oral hearing and rule on the briefs submitted. For the reasons stated herein, the court will deny the motion.

### I. Legal Framework

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). The function of a bill of particulars is "to enable a defendant to obtain sufficient information on the nature of the charge against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense." *United States v. Schembari*, 484 F.2d 931, 934–35 (4th Cir. 1973). It is not a mechanism to obtain "detailed disclosure of the government's evidence in advance of trial." *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996) (quoting *United States v. Automated Med. Labs., Inc.*,

1

770 F.2d 399, 405 (4th Cir. 1985)). Rather, "[i]t merely amplifies the indictment by providing missing or additional information so that the defendant can effectively prepare for trial." *Id.*

## II. Discussion

The government's eight-count indictment charges Defendants with conspiracy to bribe a public official and defraud the United States, in violation 18 U.S.C. § 371 (Count 1); bribery of a public official, in violation of 18 U.S.C. § 201(b) (Count 2); conspiracy to commit honest services fraud, in violation of 18 U.S.C. § 1349 (Count 3); and honest services wire fraud, in violation of 18 U.S.C. §§ 1343, 1346 (Counts 4–8). These charges arise out of an alleged agreement between Defendants and Robert Porter pursuant to which Porter used his official position within the National Guard Bureau ("NGB") to direct contracts to Defendants' company, Military Personnel Services Corporation ("MPSC"), in return for a dollar-value percentage of the contracts.

Defendants have moved for the following particulars:

(1) The identities of unidentified co-conspirators referenced in Paragraphs 12, 13, 20, and 22 of the indictment;

(2) The year in which the alleged corrupt agreement, described in Paragraph 15(a) of the indictment, was made;

(3) The year in which the conspiracy charged in Counts 1 and 3, and the scheme charged in Counts 4–8, began;

(4) The meaning of "at least" in Paragraph 20;

(5) The meaning of "at least three NGB contracts for MPSC, worth a total of at least $5.5 million" in Paragraph 14(c);

(6) Additional information regarding when and how Porter was able to influence the award of NGB contracts and more generally, information on competitive bidding requirements for indefinite delivery/indefinite quantity ("IDIQ") contracts;

(7) Additional information regarding the "cash, lunches, employment of family members" given to Porter by Defendants alleged in Paragraph 14(a); and

(8) The meaning of the term "others" in Paragraph 20.

Defendants submit this additional information is necessary in order to effectively prepare for trial and to avoid unfair surprise. They also contend that the sheer volume of discovery in this case alone warrants a bill of particulars. In opposition, the government argues the motion is a veiled attempt to learn the government's trial strategy and cabin the government's case-in-chief in advance of trial.

Several factors present in this case persuade the Court that a bill of particulars is not warranted. First, the indictment returned by the grand jury is far from bare bones or generalized. It contains a pages-long description, buttressed by numerous specific factual allegations, of the alleged unlawful conduct. The purpose of a bill of particulars is "to obtain sufficient information on the nature of the charge[s] against" Defendants, *Schembari*, 484 F.2d at 935, and the indictment in this case largely satisfies that need.

Second, as a general rule, "[a] defendant is not entitled 'to an unnecessary bill of particulars, where the underlying objectives of a [Rule 7] motion are fully satisfied by informal and formal discovery.'" *United States v. Ahmad*, No. 14-cr-164, 2014 WL 2766121, at *8 (E.D. Va. June 18, 2014) (quoting *United States v. Taylor*, No. 04-cr-227, 2005 WL 2298170, at *4 (E.D. Va. Sept. 21, 2005)). While Defendants cite the size of the government's production as the reason *to* order a bill of particulars, the Court has already explained why reference to the quantity

3

of production does not accurately capture the government's production in this case or its concomitant burden on Defendants. *See* Dkt. No. 97 (denying Defendants' motion to compel and explaining the government's two-step production, identification of "hot docs," provision of searchable index, and more). While the volume of discovery can be (and is commonly) a reason to grant a bill of particulars, it must also be the case that the volume "obfuscates the allegedly unlawful conduct and unfairly inhibits the defendant's preparation for trial." *United States v. Mahaffy*, 446 F. Supp. 2d 115, 120 (E.D.N.Y. 2006) (denying bill of particulars where "[t]he Indictment fairly specifies the allegedly unlawful conduct, and the Government has not dissembled by means of its discovery"); *see also United States v. Nicolo*, 523 F. Supp. 2d 303, 316 (W.D.N.Y. 2007) ("[T]he mere fact that voluminous discovery has been provided is not enough by itself to require a bill of particulars."), *aff'd*, 421 F. App'x 57 (2d Cir. 2011). That is not the case here. *Cf. United States v. Ferguson*, 478 F. Supp. 2d 220, 227 (D. Conn. 2007) ("Just as the government cannot merely produce unlimited documents in lieu of providing sufficient detail as to the charges, the defendants cannot use the vastness or complexity of the alleged conspiracy and its attendant documentary evidence as a sword against the government when the Indictment, discovery, and other information provided by the government adequately notify the Defendants of the charges against them." (internal quotation marks omitted)).

Finally, throughout the pretrial motions practice in this case, the government has "furnished defendants with significant insight into the government's case." *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004). Together, these factors convince the Court that the particulars Defendants request fall outside the purpose of a bill under Rule 7(f). Nonetheless, the Court will examine each of the requests.

4

A.  Request No. 1: Identities of Unindicted Co-Conspirators

Under the heading "The Co-Conspirators," the indictment lists only two names—Robert Porter and John Jones—but in nearly every count of the indictment it alleges that "the defendants . . . , Porter, Jones, and *others, known and unknown* to the grand jury" violated the law. Dkt. No. 2, ¶¶ 12, 13, 20, 22 (emphasis added). Defendants argue that if other coconspirators exist, Defendants are entitled to know their identities.

As a general matter, "the Government is not required to furnish the name of all other co-conspirators in a bill of particulars." *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004).[1] Defendants are correct, however, that courts have often found it necessary to order the government to do so. Those decisions are highly fact intensive and they do not reveal a single determinative factor. Because of that, the Southern District of New York has crafted a non-exhaustive list of considerations relevant to weighing such a request:

> (1) the number of co-conspirators; (2) the duration and breadth of the alleged conspiracy; (3) whether the Government otherwise has provided adequate notice of the particulars; (4) the volume of pretrial disclosure; (5) the potential danger to

---

[1] *See also United States v. Reyl* 923 F.2d 1217, 1222 (6th Cir.1991) ("As long as the indictment is valid, contains the elements of the offense, and gives notice to the defendant of the charges against him, it is not essential that a conspirator know all other conspirators."); *United States v. Torres*, 901 F.2d 205, 233 (2d Cir. 1990) (affirming denial of the identity of those other persons "known and unknown" as alleged in the indictment); *United States v. Jackson*, 757 F.2d 1486, 1491 (4th Cir. 1985) (affirming denial of bill of particulars of names of persons alleged to be involved in conspiracy); *United States v. DiCesare*, 765 F.2d 890, 897 (9th Cir.), *amended*, 777 F.2d 543 (9th Cir. 1985) (same); *Wilkins v. United States*, 376 F.2d 552, 562 (5th Cir. 1967) (same); *Ahmad*, 2014 WL 2766121, at *8 ("Defendant's request for the Government to identify all persons alleged to have participated in the conspiracy goes beyond the limited, enumerated purposes for which it is proper to require particularization."); *United States v. Macauley*, No. 11-cr-199, 2011 WL 4853366, at *3 (E.D. Va. Oct. 13, 2011) ("Where an indictment, as here, sets forth the discrete acts evidencing a defendant's involvement in a conspiracy, courts have held that the identities of co-conspirators need not be revealed."); *United States v. Frye*, No. 01-cr-30058, 2002 WL 385574, at *1 (W.D. Va. Feb. 20, 2002) ("[T]he government is not required to reveal the names of unindicted coconspirators or to disclose the identities of other persons present when the offenses took place.").

5

co-conspirators and the nature of the alleged criminal conduct; and (6) the potential harm to the Government's investigation.

*United States v. Nachamie*, 91 F. Supp. 2d 565, 572–73 (S.D.N.Y. 2000). Courts have also considered the complexity of the charges against a defendant. *See United States v. Kahale*, 789 F. Supp. 2d 359, 373 (E.D.N.Y. 2009), *aff'd sub nom. United States v. Graham*, 477 F. App'x 818 (2d Cir. 2012).

Here, there are four defendants, two named coconspirators, and potential additional unnamed coconspirators. While six is not a small number, the government candidly asserts in its responsive brief that it "does not intend to present evidence from additional co-conspirators [beyond Jones and Porter] involved in the scheme to bribe Porter alleged in the indictment."[2] Dkt. No. 83, at 51. And while the duration of the conspiracy was approximately three or four years, its breadth and geographic reach was rather narrow, extending to a single alleged corrupt agreement and three contracts directed to MPSC. For the reasons already explained above, the third and fourth factors also do not weigh in favor of revealing unindicted co-conspirators. The fifth and sixth factors are not a barrier to revealing identifications of co-conspirators in this case. The dangers attending prosecutions for violent felonies are absent in a case charging bribery and fraud. Nor has the government espoused any concern in its response that the identification of unnamed coconspirators would endanger an ongoing investigation.

Defendants also cite the complexity of the case as a reason to order the identifications, stating that "the case involves complex government contracts and regulations, [and] numerous

---

[2] In their reply, Defendants contends this is not enough because it still leaves open the possibility of "eleventh hour evidentiary disputes" relating to unindicted coconspirator statements. As an example, Defendants point to the government's possible reliance on the co-conspirator exception to the hearsay rule. The parties are encouraged to raise this issue, to the extent applicable, at the upcoming Rule 404(b) hearing. All remaining evidentiary disputes will be handled at trial.

persons in government and corporate bureaucracies." Dkt. No. 62, at 2. Ultimately, however, all of the charges relate to Defendants' alleged payment of $55,000 to Porter in exchange for Porter's help directing three contracts to MPSC. It is therefore distinguishable from cases where complexity has required revelation of coconspirator identities.

In sum, these factors, together with the Court's knowledge of the case, do not suggest that a bill of particulars identifying unnamed co-conspirators is essential to Defendants' ability to prepare a defense or avoid surprise at trial. Accordingly, the request for particulars naming the unindicted co-conspirators is denied. Defendants' additional request to strike the language as prejudicial surplusage pursuant to Federal Rule of Criminal Procedure 7(d) is denied without prejudice. Defendants may renew their motion at the close of trial, after the Court has heard the government's evidence and before the jury begins deliberations.

B.   Request Nos. 2, 3, and 4: Dates of Underlying Scheme and Conspiracies

The indictment alleges that the corrupt agreement with Porter was reached "[i]n or about 2010 or 2011" and that the conspiracy and the scheme ran "[f]rom in or about 2010 and continuing until in or about September 2014." Defendants contend this is insufficient.

The indictment comports with the general rule in conspiracy cases that it "need only to provide a general time period of the conspiracy." *United States, v. Lorenzana-Cordon*, No. 03-cr-331, 2015 WL 5441035, at *4 (D.D.C. Sept. 15, 2015); *see also United States v. McCauley*, No. 11-cr-199, 2011 WL 4853366, at *3 (E.D. Va. 2011) ("Courts have held that information concerning the time period during which a defendant is alleged to have been knowingly involved in a conspiracy is not essential to effective preparation for trial."); *United States v. Barrera*, 950 F. Supp. 2d 461, 478 (E.D.N.Y. 2013) (denying motion for a bill of particulars as to the specific dates of the conspiracy and noting generally "a defendant is not entitled to receive details of the

government's conspiracy allegations in a bill of particulars"). Moreover, the indictment includes specific dates of various acts taken in furtherance of the conspiracy. *Cf. United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987) (affirming denial of bill of particulars for approximate times and places at which defendant entered and exited the alleged conspiracy because while "[t]he indictment did not contain this information, . . . it did recount the dates of a number of overt acts by which it is alleged that [defendant] participated in the conspiracy"). Accordingly, this request is denied.

Defendants also argue that the words "at least" in Paragraph 20 should be stricken as prejudicial surplusage. Paragraph 20 states that the conspiracy spanned "[f]rom in or about 2010 and continuing until in or about September 2014," Dkt. No. 2, at 12, while elsewhere the indictment states the timeframe as "[f]rom in or around 2010 and continuing to *at least* in or around September 2014." The Court will deny the motion with leave to renew at the close of trial.

C. Request No. 5: Meaning of "at least" in Paragraph 14

Paragraph 14(c) provides that "[w]ith Porter's assistance, [Defendants] and Jones corruptly obtained at least three NGB contracts for MPSC, worth a total of at least $5.5 million." Dkt. No. 2, at 6. Defendants contend "at least" implies there are more than three contracts and that their value may exceed $5.5 million. The government responds that Defendants "know exactly what the contracts are," and that "at least" is necessary with respect to the monetary value because "like many contracts, these contracts had option years for extensions which would make their overall value greater to MPSC." Dkt. No. 83, at 55. In their reply, Defendants read the government's response as "conced[ing] that the only contracts at issue are the three task orders at issue." Dkt. No. 89, at 7. The Court agrees. A bill of particulars relating to this

8

language is not necessary.[3] The only question, then, is whether "at least" should be stricken as prejudicial as Defendants contend. As before, the Court finds the question is best resolved at the close of trial. Accordingly, the motion to strike is denied without prejudice.

D. <u>Request Nos. 6 and 7: Additional Information Underlying Porter Allegations</u>

The Court finds that Defendants' requests with respect to Porter's role at ARNG, IDIQ contracting generally, and the things of value he received from Defendants fall squarely within the Fourth Circuit's instruction that "the function of a bill of particulars is not to provide detailed disclosure of the government's evidence in advance of trial." *United States v. Anderson*, 481 F.2d 685, 690 (4th Cir. 1973). As such, the request is denied.

E. <u>Request No. 8: The Meaning of "Others" in Paragraph 20</u>

Paragraph 20 of the Indictment alleges that Defendants "agreed to pay Porter for Porter's exercise of official action to influence the award of NGB contracts to MPSC, and others." Dkt. No. 2, at 13. Defendants seek clarification on the significance of the government's inclusion of the word "others." In response, the government does not oppose striking "others" from the indictment. Defendants agree this moots the request.

### III. Conclusion

For the foregoing reasons, Defendants' motion for a bill of particulars is **DENIED**. Defendants' motion to strike surplusage is **DENIED WITHOUT PREJUDICE**. An appropriate order will issue.

February 23, 2016  /s/
Alexandria, Virginia  Liam O'Grady
United States District Judge

---

[3] For the same reason, Defendants' request for clarification regarding the "percentage of the dollar amount of the contracts" Porter received, referenced in Paragraph 14(a), "to the extent that it concerns anything beyond the three contracts" is also moot. Dkt. No. 62, at 9.